## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DANIEL FEINMARK,

     Plaintiff,

v.                                                                                          Case No.

UNITED STATES OF AMERICA,

     Defendant.

## COMPLAINT

COMES NOW Plaintiff Daniel Feinmark, by and through counsel of record, and files his complaint for personal injuries and property damage against Defendant United States of America pursuant to the laws of the State of New Mexico and the Federal Tort Claims Act.  Plaintiff was severely injured in a crash caused by an on-duty Isleta Police Department officer who negligently and recklessly braked abruptly in order to make a U-turn without properly looking for traffic.

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Daniel Feinmark is a resident of Valencia County, New Mexico.

2.      This claim is brought against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 to 2680.  The FTCA waives the sovereign immunity of the United States for certain torts committed by federal employees.  The FTCA provides that district courts have exclusive jurisdiction over civil actions against the United States for money damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the federal government while acting within the scope of his office or employment, under circumstances where the United States, if a

1

private person, would be liable to the claimant in accordance with the laws of the State of New Mexico.

3.        In 1990, Congress extended the FTCA waiver of sovereign immunity to allow the United States to be sued for the tortious conduct of tribal employees that occurs in the performance of an Indian Self-Determination Act contract. *See* Pub.L. 101–512, Section 314, 104 Stat.1915, 1960 (stating that tribal employees working pursuant to a self-determination agreement "are deemed employees of the Bureau or Service while acting within the scope of their employment in carrying out the contract or agreement.").

4.        The Isleta Police Department performs law enforcement duties pursuant to an Indian Self-Determination Act contract with the Bureau of Indian Affairs.   Accordingly, employees of the Isleta Police Department are employees of the United States to the extent that they are acting within the scope of their employment in carrying out the terms or functions of the Indian Self-Determination Act contract funding the Isleta Police Department.  *See Trujillo v. United States*, 313 F.Supp. 2d 1146 (D.N.M. 2003) (Isleta Tribal Police officers are federal employees for purposes of the FTCA because the Isleta Police Department is funded by a contract with the Bureau of Indian Affairs);  *Garcia v. U.S.*, 2010 WL 2977611 No. Civ 08-0295 JB/WDS (D. N.M. June 15, 2010) (employees of the Isleta Police Department are considered employees of the United States to the extent they are acting within the scope of their employment in carrying out a contract with Bureau of Indian Affairs).

5.        Plaintiff's injuries and property damage were caused by the negligent or wrongful acts or omissions of Sergeant H.S. Powers, an employee of the Isleta Police Department. At the time of the incident at issue, Sergeant H.S. Powers was on-duty, in his official vehicle, acting

within the scope of his employment in carrying out the terms or functions of the Indian Self-Determination Act contract to provide law enforcement services to the Pueblo of Isleta.

6.      Plaintiff has exhausted all procedural and jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.  Plaintiff timely filed an administrative claim with the Bureau of Indian Affairs, Office of Justice Services, District IV, the receipt of which was acknowledged on February 19, 2020.  Plaintiff's claim was denied by the United States Department of the Interior, Office of the Solicitor, Torts Practice Branch, on August 18, 2020.  This case is filed within six months of that denial.

7.      Venue is proper in this district pursuant to 28 USC § 1402(b), as the United States is a defendant and a substantial part of the events or omissions giving rise to this claim occurred in this district.

## EVENTS FORMING THE BASIS OF THE CLAIMS

8.      On February 6, 2019, at approximately 3:38 p.m., Plaintiff Daniel Feinmark was riding southbound on New Mexico Highway 47 in the left lane on his Harley Davidson motorcycle.

9.      Plaintiff has more than fifty years' experience as a motorcycle rider.

10.     The traffic on New Mexico Highway 47 was heavy and moving at the speed limit.

11.     Sergeant Powers, an on-duty Isleta Police Department officer, was driving his patrol truck a few cars in front of Plaintiff in the left lane.

12.     Sergeant Powers, abruptly and without warning, slammed on his brakes and stopped in the fast lane to make a U-turn across the highway's double yellow center line. Sergeant Powers did not turn on his blinker or engage his emergency lights or siren prior to making this abrupt and unexpected maneuver in heavy traffic.

13.     Sergeant Powers reported that he looked in the rearview mirror and did not see any southbound traffic behind him. Witnesses who were driving directly behind Sergeant Powers, however, described the traffic as "busy" or "heavy" and stated that there were several cars in addition to Plaintiff's motorcycle immediately behind Sergeant Powers in the left lane. The amount of traffic in the vicinity is evidenced by the fact that there were at least seven witnesses to the crash.

14.     Two of these witnesses reported that Sergeant Powers was using his cell phone at the time.

15.     Plaintiff had no warning of the disruption caused by Sergeant Powers until the truck immediately in front of him slammed on its brakes and swerved to the left.  Plaintiff braked and tried to avoid a collision by swerving to the right.  He had limited room to maneuver because there was traffic beside him in the right lane.  Despite braking and taking evasive maneuvers, Plaintiff clipped the right edge of the bumper of the truck in front of him and was thrown from his motorcycle.

16.     The crash resulted in severe and permanent physical injuries to Plaintiff, including a traumatic brain injury, bleeding in his brain, extensive facial fractures, a broken tailbone, a broken pelvis, eye injuries, a partially collapsed lung, a broken arm, and a separated shoulder. Plaintiff also incurred damage to his motorcycle and loss of other property.

## COUNT I
## NEGLIGENCE

17.     Plaintiff incorporates by reference all allegations set forth above.

18.     Under New Mexico law, it is the duty of every operator of a vehicle to exercise ordinary care, at all times, to prevent an accident.  UJI 13-1201 NMRA.

19.     Under New Mexico law, it is the duty of every operator of a vehicle, at all times, to keep a proper lookout and to maintain proper control of their vehicle so as to avoid putting others in danger and to prevent an accident.  UJI 13-1202 NMRA.

20.     The duty to keep a proper lookout requires more than merely looking.  It also requires a person to actually see what is in plain sight or is obviously apparent to one under like or similar circumstances.  UJI 13-1203 NMRA.

21.     Sergeant Powers breached the duty to exercise ordinary care and the duty to keep a proper lookout when he braked abruptly in the fast lane in heavy traffic in order to make a U-turn without looking for traffic behind him, or looking and failing to see the traffic behind him, while on his cell phone, and while failing to engage his emergency lights or siren.

22.     Sergeant Powers' negligence caused an accident that resulted in substantial and permanent injuries to Plaintiff as well as property damage.

23.     Sergeant Powers was driving his official Isleta Police Department truck and was on-duty at the time he caused the crash.

24.     Defendant is liable to Plaintiff for damages caused by the negligence of Sergeant Powers while acting within the scope of his employment in carrying out the terms or functions of the Indian Self-Determination Act contract funding the Isleta Police Department.

## COUNT II
## NEGLIGENCE *PER SE*

25.     Plaintiff incorporates by reference all allegations set forth above.

26.     Under New Mexico law, "[a]ny person operating a vehicle on the highway shall give his full time and entire attention to the operation of the vehicle."  NMSA § 66-8-114.

27.     Sergeant Powers violated this statute when he braked abruptly in the fast lane in heavy traffic in order to make a U-turn without looking for traffic behind him, or looking and failing to see the traffic behind him, and while on his cell phone.

28.     Plaintiff is in the class of persons sought to be protected by this statute, and the harm suffered by Plaintiff is the type the Legislature sought to prevent through the statute.

29.     Sergeant Powers' violation of this statute constitutes negligence as a matter of law.  UJI 13-1501 NMRA.

30.     Sergeant Powers' negligence caused a crash that resulted in substantial and permanent injuries to Plaintiff as well as property damage.

31.     Sergeant Powers was driving his official Isleta Police Department truck and was on-duty at the time he caused the crash at issue in this case.

32.     Defendant is liable to Plaintiff for damages caused by the negligence of Sergeant Powers while acting within the scope of his employment in carrying out the terms or functions of the Indian Self-Determination Act contract funding the Isleta Police Department.

## DAMAGES

33.     Plaintiff has suffered the following injuries for which he seeks full compensation under the law:

      a.     Past and future pain and suffering;

      b.     Past and future emotional distress and mental anguish;

      c.     Past and future medical and health care expenses;

      d.     Past and future loss of enjoyment of life;

      e.     The nature, extent, and duration of the injuries;

      f.     Property damage; and

g.      All other such damages to which Plaintiff is entitled and in an amount to be determined by the Court.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Daniel Feinmark is entitled to damages from the United States, and he does hereby pray that judgment be entered in his favor and that he be awarded compensatory damages in an amount that will fully compensate him for the bodily injuries he suffered, but no more than $3,000,000, and that he be awarded property damages in the amount of $4,225.00. Plaintiff also seeks recovery of post-judgment interest as allowed and costs, together with any such further relief at law or in equity that this Court deems just and proper.

Respectfully submitted,

BARDACKE ALLISON LLP

By:  /s/ *Benjamin Allison*
Ben Allison, Esq.
Justin Miller, Esq.
141 East Palace Avenue
Santa Fe, NM 87501
P:  (505) 995-8000
ben@bardackeallison.com
justin@bardackeallison.com

and

HUNT LAW FIRM
Lee R. Hunt, Esq.
Aimee S. Bevan, Esq.
518 Old Santa Fe Trail, #501
Santa Fe, NM 87505
P:  (505) 954-4868
F:  (505) 819-0022
lee@huntlaw.com
aimee@huntlaw.com

*Attorneys for Plaintiff*