## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DANIEL FEINMARK,

     Plaintiff,

    v.                                No. 1:20-cv-01079-SCY-JFR

UNITED STATES OF AMERICA,

     Defendant.

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

The United States of America, by and through its undersigned counsel, hereby responds to the numbered allegations in Plaintiff's Complaint. Any allegation not specifically admitted is deemed denied.

## PARTIES, JURISDICTION AND VENUE

1.     Defendant is without sufficient information to admit or deny the allegations in paragraph 1 of Plaintiff's Complaint and therefore they are denied.

2.     The allegations in paragraph 2 of Plaintiff's Complaint do not contain averments of fact, but legal conclusions to which a response is not required; to the extent they may be deemed allegations of fact, they are denied.

3.     The allegations in paragraph 3 of Plaintiff's Complaint do not contain averments of fact, but legal conclusions to which a response is not required; to the extent they may be deemed allegations of fact, they are denied.

4.     The allegations in paragraph 4 of Plaintiff's Complaint do not contain averments of fact, but legal conclusions to which a response is not required; to the extent they may be deemed allegations of fact, they are denied.

5.      The allegations in paragraph 5 of Plaintiff's Complaint do not contain averments of fact, but legal conclusions to which a response is not required; to the extent they may be deemed allegations of fact, they are denied.

6.      The allegations in the first and last sentences of paragraph 6 of Plaintiff's Complaint do not contain averments of fact, but legal conclusions to which a response is not required; to the extent they may be deemed allegations of fact, they are denied.  In response to the remaining sentences in paragraph 6, Defendant avers that on February 18, 2019, the Bureau of Indian Affairs, Southwest Regional Office OJS-District IV received an Standard Form 95 purportedly signed by Daniel Feinmark, and on August 18, 2020, the Department of the Interior, Office of the Solicitor issued a determination denying the claim presented by Daniel Feinmark.

7.      The allegations in paragraph 7 of Plaintiff's Complaint do not contain averments of fact, but legal conclusions to which a response is not required; to the extent they may be deemed allegations of fact, they are denied.

### EVENTS FORMING THE BASIS OF THE CLAIMS

8.      Defendant is without sufficient information to admit or deny the allegations in paragraph 8 of Plaintiff's Complaint and therefore they are denied.

9.      Defendant is without sufficient information to admit or deny the allegations in paragraph 9 of Plaintiff's Complaint and therefore they are denied.

10.      The allegations in paragraph 10 of Plaintiff's Complaint are vague, and ambiguous, and no response is necessary.  To the extent the allegations in paragraph 10 may be deemed factual allegations, they are denied.

11.      Defendant is without sufficient information to admit or deny the allegations in paragraph 11 of Plaintiff's Complaint and therefore they are denied.

12.     The allegations in paragraph 12 of Plaintiff's Complaint are conclusory, vague, and ambiguous, and no response is necessary.  To the extent the allegations in paragraph 12 may be deemed factual allegations, they are denied.

13.     The allegations in paragraph 13 of Plaintiff's Complaint are conclusory, vague, and ambiguous, and no response is necessary.  To the extent the allegations in paragraph 13 may be deemed factual allegations, they are denied.

14.     Defendant is without sufficient information to admit or deny the allegations in paragraph 14 of Plaintiff's Complaint and therefore they are denied.

15.     Defendant is without sufficient information to admit or deny the allegations in paragraph 15 of Plaintiff's Complaint and therefore they are denied.

16.     Defendant is without sufficient information to admit or deny the allegations in paragraph 16 of Plaintiff's Complaint and therefore they are denied.

## COUNT I
## NEGLIGENCE

17.     Defendant hereby re-alleges and incorporates by this reference its responses to paragraphs 1 through 16 of Plaintiff's Complaint as if fully set forth herein.

18.     The allegations contained in paragraph 18 of Plaintiff's Complaint constitute statements or conclusions of law to which no response is required.  To the extent they may be deemed allegations of fact, they are denied.

19.     The allegations contained in paragraph 19 of Plaintiff's Complaint constitute statements or conclusions of law to which no response is required.  To the extent they may be deemed allegations of fact, they are denied.

20.    The allegations contained in paragraph 20 of Plaintiff's Complaint constitute statements or conclusions of law to which no response is required.  To the extent they may be deemed allegations of fact, they are denied.

21.    The allegations contained in paragraph 21 of Plaintiff's Complaint constitute statements or conclusions of law and Plaintiff's characterization of his case, to which no response is required.  To the extent they may be deemed allegations of fact, they are denied.

22.    The allegations contained in paragraph 22 constitute statements or conclusions of law and Plaintiff's characterization of his case, to which no response is required.  To the extent they may be deemed allegations of fact, they are denied.

23.    The allegations contained in paragraph 23 of Plaintiff's Complaint constitute statements or conclusions of law and Plaintiff's characterization of his case, to which no response is required.  To the extent they may be deemed allegations of fact, they are denied.

24.    The allegations contained in paragraph 24 of Plaintiff's Complaint constitute statements or conclusions of law and Plaintiff's characterization of his case, to which no response is required.  To the extent they may be deemed allegations of fact, they are denied.

## COUNT II
## NEGLIGENCE *PER SE*

25.    Defendant hereby re-alleges and incorporates by this reference its responses to paragraphs 1 through 24 of Plaintiff's Complaint as if fully set forth herein.

26.    The allegations contained in paragraph 26 of Plaintiff's Complaint constitute statements or conclusions of law to which no response is required.  To the extent they may be deemed allegations of fact, they are denied.

27.     The allegations contained in paragraph 27 of Plaintiff's Complaint constitute statements or conclusions of law and Plaintiff's characterization of his case, to which no response is required.  To the extent they may be deemed allegations of fact, they are denied.

28.     The allegations contained in paragraph 28 of Plaintiff's Complaint constitute statements or conclusions of law and Plaintiff's characterization of his case, to which no response is required.  To the extent they may be deemed allegations of fact, they are denied.

29.     The allegations contained in paragraph 29 of Plaintiff's Complaint constitute statements or conclusions of law and Plaintiff's characterization of his case, to which no response is required.  To the extent they may be deemed allegations of fact, they are denied.

30.     The allegations contained in paragraph 30 of Plaintiff's Complaint constitute statements or conclusions of law and Plaintiff's characterization of his case, to which no response is required.  To the extent they may be deemed allegations of fact, they are denied.

31.     The allegations contained in paragraph 31 of Plaintiff's Complaint constitute statements or conclusions of law and Plaintiff's characterization of his case, to which no response is required.  To the extent they may be deemed allegations of fact, they are denied.

32.     The allegations contained in paragraph 32 of Plaintiff's Complaint constitute statements or conclusions of law and Plaintiff's characterization of his case, to which no response is required.  To the extent they may be deemed allegations of fact, they are denied.

## **DAMAGES**

33.     Defendant is without sufficient information to admit or deny the allegations in paragraph 33(a)-(g) of Plaintiff's Complaint and therefore they are denied.

**PRAYER FOR RELIEF**

The next unnumbered paragraph constitutes Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief set forth in the final paragraph of Plaintiff's Complaint, or to any relief whatsoever.

Defendant denies all allegations of Plaintiff's Complaint not expressly admitted herein.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter of the action.

SECOND AFFIRMITIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

THIRD AFFIRMITIVE DEFENSE

The claims do not allege a negligent or wrongful act by an employee of the Government.

FOURTH AFFIRMATIVE DEFENSE

The alleged injuries were caused solely by the acts or omissions of other parties, persons, contractors, or entities, their servants agents, representatives, or employees, none of whom are agencies or employees of the United States for whom the United States has any liability pursuant to the Federal Tort Claims Act.

FIFTH AFFIRMATIVE DEFENSE

Defendant United States, through its employees and agents, acted with due care and diligence at all relevant times.

SIXTH AFFIRMITIVE DEFENSE

No acts or omissions by the United States were the proximate cause of any injury to the

Plaintiff.

SEVENTH AFFIRMITIVE DEFENSE

Plaintiff is not entitled to a jury trial. Any action against the United States pursuant to 28

U.S.C. § 1346 shall be tried by the court without a jury.

EIGHTH AFFIRMITIVE DEFENSE

Plaintiff's injuries, damages, and losses, if any, were not proximately caused by the

negligence or negligence *per se* of any employee of the United States acting within the scope and

course of his or her employment.

NINTH AFFIRMITIVE DEFENSE

Plaintiff's recovery is limited to the damages recoverable under the Federal Tort Claims

Act.

TENTH AFFIRMITIVE DEFENSE

Plaintiff's recovery, if any, is limited to the amount sought by them administratively.  28

U.S.C. § 2675(b).

ELEVENTH AFFIRMATIVE DEFENSE

The Court only has jurisdiction over claims for which Plaintiff exhausted through his

administrative submission.

TWELVTH AFFIRMITIVE DEFENSE

Plaintiff's recovery, if any, may be diminished or barred by the comparative fault of

Plaintiff and/or the fault of other defendants or of non-parties.

THIRTEENTH AFFIRMITIVE DEFENSE

The United States avers that recovery, if any, should be reduced by any offsets and credits available by law or regulation, including, but not limited to, those available as a result of benefits paid to or on behalf Plaintiff by any federal agency.

FOURTEENTH AFFIRMITIVE DEFENSE

Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiff cannot recover attorney's fees.

FIFTHTEENTH AFFIRMITIVE DEFENSE

Pursuant to 28 U.S.C. § 2674, Plaintiff is prohibited from recovering any amount of pre-judgment interest or punitive damages against Defendant.

SIXTEENTH AFFIRMITIVE DEFENSE

Plaintiff failed to first present his claim to the appropriate Federal agency as required by 28 U.S.C. 2675 's claim is barred.

SEVENTEENTH AFFIRMITIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

The United States may have further and additional defenses which are not yet known but which may become known through future discovery.  The United States asserts herein each and every affirmative defense as may be ascertained through future discovery, including those required by Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant, United States of America prays that Plaintiff's Complaint be dismissed with prejudice or, in the alternative, judgment be entered in favor of the United States, that Plaintiff be denied any and all relief, that the United States be awarded its costs incurred in defending this action, and that the United States be granted such other further relief as the Court deems appropriate.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*/s/ Roberto D. Ortega January 7, 2021*
ROBERTO D. ORTEGA
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico  87103
(505) 224-1519 Fax: (505) 346-7205
E-mail: roberto.ortega@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 7, 2021, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following party or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Ben Allison: ben@bardackeallison.com
Justin Miller: justin@bardackeallison.com
Lee R. Hunt: lee@huntlaw.com
Aimee S. Bevan:  aimee@huntlaw.com

*/s/ Roberto D. Ortega  1/7/21*
ROBERTO D. ORTEGA
Assistant United States Attorney